**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

Case No.

Thomas W. Waldrep, Jr.,
Chapter 11 Trustee,

        Movant,

v.

EmpowerHMS LLC and Empower H.I.S. LLC

        Respondents.

Underlying litigation:
*In re CAH Acquisition Company #1*
*LLC d/b/a Washington County*
*Hospital et al.,*
Case No. 19-00730-5-JNC
United States Bankruptcy Court
for the Eastern District of North
Carolina

_____

**TRUSTEE'S MOTION TO COMPEL EMPOWERHMS LLC AND**
**EMPOWER H.I.S. LLC'S COMPLIANCE WITH SUBPOENAS**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Movant Thomas W. Waldrep Jr., Chapter 11 Trustee (the "Trustee") in certain cases under title 11 of chapter 11 of the United States Bankruptcy Code, pending in the United States Bankruptcy Court for the Eastern District of North Carolina (the "Chapter 11 Cases"),[1] respectfully requests that the Court enter an Order compelling Respondents EmpowerHMS LLC and Empower H.I.S. LLC (together, "Empower") to comply with the document and deposition subpoenas the Trustee served on Empower in the Chapter 11 Cases.

_____

[1] The Chapter 11 Cases are *In re CAH Acquisition Company #1 LLC d/b/a Washington County Hospital*, Case No. 19-00730-5-JNC, *In re CAH Acquisition Company #2, LLC, d/b/a Oswego Community Hospital*, Case No. 19-01230-5-JNC, *In re CAH Acquisition Company #3, LLC, d/b/a Horton Community Hospital*, Case No. 19-01180-5-JNC, *In re CAG Acquisition Company 6, LLC, d/b/a I-70 Community Hospital*, Case No. 19-01300-5-JNC, *In re CAH Acquisition Company 7, LLC d/b/a Prague Community Hospital*, Case No. 19-01298-5-JNC, *In re CAH Acquisition Company 12, LLC, d/b/a Fairfax Community Hospital*, Case No. 19-01697-5-JNC, and *In re CAH Acquisition Company 16, LLC d/b/a Haskell County Community Hospital*, Case No. 19-01227-5-JNC.

The Debtors in the Chapter 11 Cases owned and operated for-profit, critical access hospitals in small rural areas in North Carolina, Kansas, Missouri, and Oklahoma. Empower served as the management company for the Debtors' hospitals until late 2018.

The Debtors' estates appear to have been victims of an allegedly fraudulent and unlawful laboratory specimen billing scheme. The Trustee is conducting an investigation to determine whether to bring certain causes of action relating to the billing scheme, including claims for fraud, unjust enrichment, fraudulent transfers, and preferences, among others. After receiving leave of the bankruptcy court, on June 4, 2020 and June 8, 2020 the Trustee served deposition and document subpoenas on Empower in each of the Chapter 11 Cases for, among other things, all documents and communications regarding reimbursement rates and amounts billed to patients and/or insurance companies for laboratory testing procedures.

To date, Empower has not responded to the subpoena or otherwise contacted the Trustee, even though Empower's deadline produce responsive documents was June 19, 2020, and even though an Empower representative was required to appear for deposition on July 10, 2020. Accordingly, the Trustee moves for an order compelling Empower to comply with the subpoenas. The Trustee also seeks to recover fees and expenses incurred in bringing this Motion, or, alternatively, an order of contempt against Empower.

The Trustee's Motion to Compel is supported by the attached and incorporated memorandum of law and exhibits attached thereto.

Dated this 17th day of July, 2020.

/s/ Alan Burger_____
ALAN BURGER
Florida Bar No. 0833290
McDonald Hopkins PLC
505 South Flagler Drive, Suite 300
West Palm Beach, FL 33401
Telephone: (561) 472-2121
Fax: (561) 472-2122
aburger@mcdonaldhopkins.com
*Attorney for Chapter 11 Trustee*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

Case No.

Thomas W. Waldrep, Jr.,
Chapter 11 Trustee,

        Movant,

v.

EmpowerHMS LLC and Empower H.I.S. LLC

        Respondents.

Underlying litigation:
*In re CAH Acquisition Company #1
LLC d/b/a Washington County
Hospital et al.,*
Case No. 19-00730-5-JNC
United States Bankruptcy Court
for the Eastern District of North
Carolina

---

**MEMORANDUM OF LAW IN SUPPORT OF TRUSTEE'S MOTION
TO COMPEL EMPOWERHMS LLC AND EMPOWER H.I.S. LLC
TO COMPLY WITH SUBPOENAS**

## I.   INTRODUCTION

    This motion arises out of the efforts of a bankruptcy trustee's efforts to investigate an allegedly-fraudulent laboratory specimen billing scheme at a number of rural hospitals. As part of the investigation, Thomas W. Waldrep, Jr., Chapter 11 Trustee (the "Trustee") in certain cases under title 11 of chapter 11 of the United States Bankruptcy Code, pending in the United States Bankruptcy Court for the Eastern District of North Carolina (the "Chapter 11 Cases"),[1] has subpoenaed documents and testimony from two entities, EmpowerHMS LLC and Empower

---

[1] The Chapter 11 Cases are *In re CAH Acquisition Company #1 LLC d/b/a Washington County Hospital*, Case No. 19-00730-5-JNC, *In re CAH Acquisition Company #2, LLC, d/b/a Oswego Community Hospital*, Case No. 19-01230-5-JNC, *In re CAH Acquisition Company #3, LLC, d/b/a Horton Community Hospital*, Case No. 19-01180-5-JNC, *In re CAG Acquisition Company 6, LLC, d/b/a I-70 Community Hospital*, Case No. 19-01300-5-JNC, *In re CAH Acquisition Company 7, LLC d/b/a Prague Community Hospital*, Case No. 19-01298-5-JNC, *In re CAH Acquisition Company 12, LLC,  d/b/a Fairfax Community Hospital*, Case No. 19-01697-5-JNC, and *In re CAH Acquisition Company 16, LLC d/b/a Haskell County Community Hospital*, Case No. 19-01227-5-JNC.

H.I.S. LLC (collectively, "Empower"), that managed the hospitals until late 2018. The subpoenas seek billing records, reimbursement information, laboratory data, and contracts between the debtors and third-parties and deposition testimony regarding the same. That information is critical to the Trustee's investigation and to establishing causes of action based on the fraudulent billing scheme.

To date, Empower has not responded to the subpoenas, even though its deadline to produce responsive documents was June 19, 2020, and even though an Empower representative was required to appear for deposition on July 10, 2020. Nor has Empower contacted the Trustee to discuss the subpoenas or to provide information on when it may respond. Accordingly, the Trustee respectfully requests an order compelling Empower to produce all responsive documents in its possession, custody, and control, and to designate a representative to appear for deposition.

## II.    <u>JURISDICTION AND VENUE.</u>

This Court has subject matter jurisdiction over this matter at least under Fed. R. Civ. P. 45 and the Rules Enabling Act, 28 U.S.C. § 2072. This Court has personal jurisdiction over Empower H.I.S. LLC because it is a Florida corporation with, on information and belief, its principal place of business at 8724 SW 72 ST #459, Miami FL 33173, and because it has minimum contacts out of which this action arises such that the exercise of personal jurisdiction satisfies due process. This Court has personal jurisdiction over EmpowerHMS LLC because it is a Delaware corporation with, on information and belief, its principal place of business at 8724 SW 72 ST #459, Miami FL 33173, and because it has minimum contacts out of which this action arises such that the exercise of personal jurisdiction satisfies due process. Venue is proper under 28 U.S.C. § 1391 because Empower resides in this District and a substantial portion of the events or omissions giving rise to this matter occurred in this District.

III.     **FACTS**

A.  **The Chapter 11 Cases.**

The Debtors owned and operated for-profit, critical access hospitals (collectively, the "Hospitals") that provided acute care, swing bed, emergency medicine, imaging, rehabilitation, laboratory, and related outpatient ancillary services in small rural areas in North Carolina, Kansas, Missouri, and Oklahoma.

On February 19, 2019 (the "Petition Date"), Washington County, North Carolina, Medline Industries, Inc., and Dr. Robert Venable (collectively, the "Petitioning Creditors") filed an involuntary petition for relief under Chapter 7 of the Bankruptcy Code against CAH Acquisition Company 1, LLC d/b/a Washington County Hospital ("CAH 1"). On February 22, 2019, the Court entered an order approving the Trustee as interim trustee for CAH 1's bankruptcy estate. On March 15, 2019 CAH 1's bankruptcy case was converted from Chapter 7 to Chapter 11, and the Trustee was appointed as the Chapter 11 trustee for CAH 1 pursuant to section 1104 of the Bankruptcy Code.

In March and April 2019, six of CAH 1's affiliates, CAH Acquisition Company 2, LLC (Case No. 19-01230), CAH Acquisition Company 3, LLC (Case No. 19-01180), CAH Acquisition Company 6, LLC (Case No. 01300), CAH Acquisition Company 7, LLC (Case No. 19-01298), CAH Acquisition Company 12, LLC (Case No. 19-01697), and CAH Acquisition Company 16, LLC (Case No. 19-01227) (collectively with CAH 1, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Trustee has also been appointed as the Chapter 11 trustee in each of the Chapter 11 Cases. The Chapter 11 Cases are being jointly administered by the Court. Some of the Hospitals are still operating and others have been closed.

The Debtors' estates appear to have been victims of an allegedly fraudulent and unlawful laboratory specimen billing scheme. Those directing the Debtors' activities at the time were Jorge Perez (one of the indirect owners of the Hospitals), Empower (a management company owned by Mr. Perez and others that managed the Hospitals from 2017 through late 2018), and other parties. The facts and circumstances of the billing scheme are collectively referred to herein as the "Billing Scheme").

**B.  The Subpoenas.**

On May 26, 2020, the Trustee filed an *Ex Parte Motion for Production of Documents and Examination Pursuant to Bankruptcy Rule 2004* in each of the Chapter 11 Cases (the "2004 Motions"). In the 2004 Motions, the Trustee sought entry of orders requiring Empower to produce documents and communications relating to the Billing Scheme, and for its representatives to appear for depositions on oral examination. Specifically, the proposed subpoenas to Empower, copies of which are attached hereto as Exhibits A and B, sought:

1.  All documents and communications regarding the Billing Scheme;

2.  All documents and communications regarding [each CAH entity's] provision of laboratory testing services from march 1, 2017 to March 15, 2019;

3.  All documents and communications regarding reimbursement rates for laboratory testing procedures at [each CAH entity] from March 1, 2017 to March 15, 2019;

4.  All documents and communications regarding amounts billed to patients and/or insurance companies for laboratory testing procedures at [each CAH entity] from March 1, 2017 to March 15, 2019;

5.  All documents and communications regarding agreements between [each CAH entity] and reference laboratories ("Reference Labs") existing between March 1, 2017 and March 15, 2019;

6.  All documents and communications regarding Reference Labs' provision of laboratory testing services billed through [each CAH entity] from March 1, 2017 to March 15, 2019;

7. All documents and communications regarding amounts [each CAH entity], Reference labs, EmpowerHMS, Empower H.I.S., and/or iHealthcare (the entity that assumed management responsibility from Empower in late 2018) received for laboratory testing services billed through [each CAH entity] from March 1, 2017 to March 15, 2019;

8. All documents and communications regarding contracts, agreements, or arrangement between [each CAH entity], EmpowerHMS, Empower H.I.S., or iHealthcare on the one hand, and third-party vendors or marketers on the other in existence from March 1, 2017 to March 15, 2019; and

9. All documents and communications regarding payments [each CAH entity], EmpowerHMS, Empower H.I.S., and/or iHealthcare made to third-party vendors or marketers on account of their participation in the Billing Scheme from March 1, 2017 to the present.

The Bankruptcy Court granted each of the 2004 Motions between May 28, 2020 and June 2, 2020, authorizing the Trustee to issue subpoenas (the "Subpoenas") to Empower. Copies of the Bankruptcy Court's orders granting the 2004 Motions are attached hereto as Exhibits C through I.

On June 4, 2020, the Trustee served the subpoenas on Empower H.I.S. Proof of service on Empower H.I.S. is attached hereto as Exhibit J. On June 8, 2020, the Trustee served the subpoenas on EmpowerHMS. Proof of service on EmpowerHMS is attached hereto as Exhibit K. The subpoenas required Empower to produce responsive materials by June 19, 2020, and also required a representative from Empower to appear for deposition on July 10, 2020 at 10:00 a.m.

Empower did not serve objections within 14 days of service, as required by Federal Rule of Civil Procedure 45(d)(2)(B). Empower also did not produce any responsive materials on the June 19, 2020 return date and has not subsequently produced any documents. No Empower representative appeared for deposition on July 10, 2020. No one from Empower has been in communication with the Trustee regarding the subpoenas.

IV.   **LAW & ARGUMENT**

A.  **Standard.**

Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery as follows: "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).   Consistent with the spirit and purpose of the broad discovery rules, federal courts are to employ a liberal discovery standard. *See Milinazzo v. State Farm Ins. Co.*, 247 F.R.D. 691, 695 (S.D. Fla. 2007).  Moreover, the Trustee's discovery is being conducted pursuant to Federal Rule of Bankruptcy Procedure 2004, which provides for an even broader right to discovery than pursuant to Fed. R. Civ. P. 26, indeed, allowing for what might properly be referred to as a "fishing expedition."  *See In re Drexel Burnham Lambert Group, Inc.*, 132 B.R. 702, 711 (Bankr. S.D.N.Y, 1991) (holding "Rule 2004 discovery is broader than discovery under the Federal Rules of Civil Procedure, and has fewer procedural safeguards. It can be legitimately compared to a fishing expedition.")

Rule 45 permits a party to obtain relevant information in the form of documents or deposition testimony from a non-party through issuance of a subpoena.  *See* Fed. R. Civ. P. 45. *See Datta v. Armor Correctional Health Services, Inc.*, No. 8:15-cv-601-T-27TBM, 2015 WL 12838185, at *2 (M.D. Fla. July 17, 2015); *see also Fisher v. Marubeni Cotton Corp*., 526 F.2d 1338, 1341 (8th Cir.1975) (subpoena duces tecum is the only way to compel a nonparty to produce documents or other materials); *Southeastern Mechanical Services, Inc. v. Brody*, Case No. 1:09–CV–0086, 2009 WL 3095642, at *2 (N.D. Ga. June 22, 2009) (same, and noting that

Rule 45, as revised in 2006, also provides for the production of electronically stored information ("ESI") by a nonparty.  Further, Rule 45 authorizes a party serving a subpoena, like the Trustee, to "move the court for the district where compliance is required for an order compelling production or inspection."  Fed. R. Civ. P. 45(d)(2)(B)(i); *see also* Fed. R. Civ. P. 37(a)(1).

**B.  Empower Has Failed to Respond to the Subpoenas.**

Empower was served with valid subpoenas requiring it to produce responsive materials by June 19, 2020, and requiring its representative to appear for a deposition on July 10, 2020. Yet Empower failed to produce any responsive documents or appear for deposition, and has not contacted the Trustee in any way to discuss the subpoenas or to indicate that a response to the subpoenas will be forthcoming. Empower's failure to respond to the subpoenas is a flagrant violation of its obligations under Rule 45, and this Court should grant the Trustee's motion to compel Empower's responses. *See Rodriguez v. Niagra Cleaning Servs., Inc*., No. 09-22645, 2010 WL 1507043, at *1 (S.D. Fla. Apr. 14, 2010) (granting motion to compel where third party failed to respond to subpoena); *Credit Suisse Securities (USA) LLC v. Nash*, No. 14-80392, 2014 WL 1258650, at *1 (S.D. Fla. Oct. 3, 2014) (same).

**C.  The Trustee is Entitled to Reasonable Attorney's Fees or an Order of Contempt Because of Empower's Failure to Respond to the Subpoenas.**

Rule 37(a)(5) of the Federal Rules of Civil Procedure requires courts to impose an award of expenses in connection with a discovery motion unless the court finds one of the limited exceptions available.  *See Adelman v. Boy Scouts of America*, 276 F.R.D. 681, 699–700 (S.D. Fla. 2011) (awarding attorney's fees for Plaintiff's motion to compel where Defendant asserted baseless relevancy, confidentiality, and privacy objections, and thus "made discovery decisions which required Plaintiffs to file a motion to compel.").  These exceptions include: (i) the requesting party failed to make a good faith attempt to obtain the discovery without a court

order; (ii) the responding party's position was substantially justified; or (iii) other circumstances make an award of expenses unjust. *Nationwide Mut. Fire Ins. Co. v. Kelt, Inc.*, No. , 2015 WL 1470971, *12 (M.D. Fla. 2015) (awarding attorney's fees for Defendant's motion to compel after Plaintiff asserted multiple boilerplate objections to discovery requests). Additionally, the court is not required to find that a party acted in bad faith before awarding fees. *Adelman*, 276 F.R.D. at 700.

Here, the Trustee is entitled to an award of reasonable attorney's fees in connection with the Motion to Compel, as Empower has failed to respond to the subpoenas within the time allotted. As a result, the Trustee has been forced to file the instant Motion to Compel. Alternatively, this Court should hold Empower in contempt pursuant to Federal Rule of Civil Prorcedure 45(g), which provides, "[t]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).

V.      **CONCLUSION**

For all of the foregoing reasons, the Trustee respectfully requests that the Court grant the Trustee's Motion to Compel and enter an Order requiring Empower to produce all documents responsive to the subpoenas in its possession, custody, or control, and requiring an Empower representative to appear for deposition. The Trustee further requests its reasonable expenses, including attorney's fees, caused by Empower's refusal to comply with the subpoenas, or, alternatively, that this Court hold Empower in contempt. The Trustee also requests such further relief this Court deems just and proper.

Dated this 17th day of July, 2020.

Respectfully submitted,

/s/ Alan Burger
ALAN BURGER
Florida Bar No. 0833290
McDonald Hopkins PLC
505 South Flagler Drive, Suite 300
West Palm Beach, FL 33401
Telephone: (561) 472-2121
Fax: (561) 472-2122
aburger@mcdonaldhopkins.com
**_Attorney for the Trustee_**

## **CERTIFICATE OF CONFERENCE**

I certify that the Trustee's counsel has been unable to confer with Empower regarding the

relief requested in this Motion because Empower has not responded to the subpoenas and has not

otherwise contacted the Trustee to discuss the subpoenas.

*/s/ Alan Burger*_____
ALAN BURGER
Florida Bar No. 0833290
McDonald Hopkins PLC
505 South Flagler Drive, Suite 300
West Palm Beach, FL 33401
Telephone: (561) 472-2121
Fax: (561) 472-2122
aburger@mcdonaldhopkins.com
***Attorney for the Trustee***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **Trustee's Motion to Compel EmpowerHMS LLC and Empower H.I.S. LLC's Compliance With Subpoenas** was electronically filed with the Clerk of the Court using CM/ECF on this 17th day of July, 2020.  I also certify that the foregoing document is being served this day on counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF and I also certify that a true and correct copy of the Motion is being furnished via overnight delivery to Empower at the following addresses:

| |
|---|
| Empower H.I.S. LLC<br>8724 SW 72 ST #459<br>Miami FL 33173 |
| EmpowerHMS LLC<br>c/o The Company Corporation, Registered Agent<br>251 Little Falls Drive<br>Wilmington DE 19808 |

/s/ Alan Burger
ALAN BURGER
Florida Bar No. 0833290
McDonald Hopkins PLC
505 South Flagler Drive, Suite 300
West Palm Beach, FL 33401
Telephone: (561) 472-2121
Fax: (561) 472-2122
aburger@mcdonaldhopkins.com
**Attorney for the Trustee**

{8948934: }